**Jose Manuel FIGUEROA RODRIGUEZ, and Luis Raul Roig Perez, Plaintiffs,**

v.

**Aurelio LOPEZ RIVERA, individually, and as Chief of the Fire Department of the Commonwealth of Puerto Rico, Defendant.**

Civ. No. 86–0194 (JP).

United States District Court, D. Puerto Rico.

March 4, 1987.

Pedro Miranda Corrada, San Juan, P.R., for plaintiffs.

Alice Net Carlo, Hato Rey, P.R., for defendant.

OPINION AND ORDER

PIERAS, District Judge.

Plaintiffs, Jose Manuel Figueroa Rodriguez and Luis Raul Roig Pérez, brought this action for backpay, damages, declaratory relief and injunctive relief against Aurelio López Rivera, individially and as Chief of the Fire Service (herein "FS") of the Commonwealth of Puerto Rico, pursuant to 42 U.S.C. § 1983. Plaintiffs allege a cause of action arising under the First and Fourteenth Amendment to the United States Constitution for their separation and reassignment on April 1, 1985, from the positions of Chief of Zone of the FS. Plaintiff Figueroa was reassigned to a position of Executive of Training of Fireman, and plaintiff Roig was reassigned to a position of Chief of District II. Plaintiffs allege their separation and reassignments arose from their political affiliation.

The matter is before the Court on defendant's Motion for Summary Judgment. In support of its motion, defendant argues that the plaintiffs' positions are such that political affiliation is an appropriate requirement for the effective performance of the public office. The motion for Summary Judgment is accompanied with a Motion to Stay Discovery and Trial Proceedings. Upon due consideration of defendant's motion and plaintiff's opposition thereto, and the supporting translated exhibits, the Court DENIES both the Motion for Summary Judgment and the Motion to Stay Proceedings.

### I. Factual Background

At an Initial Scheduling Conference held on July 10, 1986, the parties stipulated to the following facts. Plaintiff Roig began employment with the FS on December 19, 1977, in the position of District Chief II, which was a transitory position. On July 20, 1979, he was appointed Executive I, a trust position. On August 1, 1983, he was promoted to District Chief II, a career position. On July 16, 1984, he was promoted to Zone Chief of Caguas, Guayama and Humacao districts, another trust position. Plaintiff Figueroa began employment with the FS on October 1, 1958, as Fireman I and progressed through the consecutive career ranks until his appointment as Zone Chief for the districts of San Juan, Río Piedras, Bayamón and Carolina on July 16, 1984, also a trust position. Both plaintiff's salaries as Zone Chiefs were $1,178.00 per month, which were reduced to $1,015.00 upon reassignment. Both plaintiffs were terminated from their positions as Zone Chief by letter dated March 27, 1985 and signed by the defendant Aurelio López Rivera, effective April 1, 1985. Defendant was Chief of the Fire Service at all times material to the complaint.

The organizational hierarchy of the FS is composed of three levels: (1) Chief of the Fire Service; (2) Sub-Chief of the Fire Service, and (3) a level of three equal categories: (a) Training Division, (b) Fire Extinguishing Division, and (c) Fire Preventive Division. Plaintiffs were employed in category (b) above, in the third level, and there are four zones. Of the four positions of Zone Chief, only plaintiffs were discharged.

Plaintiffs are members of the New Progressive Party (hereinafter "NPP"), and defendant belongs to the Popular Democratic Party (hereinafter "PDP"). The PDP prevailed over the NPP in the general elections of November 6, 1984, and was inaugurated into office on January 2, 1985. Plaintiffs allege that defendant subsequently substituted their positions with members of the PDP.

From the motions, statement of facts and exhibits, the Court further finds that the FS was created pursuant to 25 L.P.R.A. § 311, and its main purpose is to protect life and property through fire prevention and extinction. The FS accomplishes its purpose through programs in fire prevention, fire extinction, training and administration. The Fire Zone Chiefs ares under the direct supervision of the Fire Chief, and his duties are basically administrative and organizational in nature. The OP–16 Form submitted with defendant's motion outlines the duties of the Zone Fire Chiefs. The job duties will later be referred to in the discussion of the law.

### II. The Standard for Summary Judgment

Summary Judgment is proper only if the pleadings and other evidence in the record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In passing on a summary judgment motion, the Court must view the record and draw inferences in the light most favorable to the opposing party. Celotex Corp. v. Catrett, —— U.S. ——, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir.1975), cert. denied, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). With these principles in mind, we now examine defendant's motion.

### III. Qualified Immunity

■ In actions brought under 42 U.S.C. § 1983, a defense of qualified immunity

from liability for damages is available to state executive officers performing discretionary functions, "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). On a motion for summary judgment, it is appropriate for a trial court to determine whether the law was clearly established at the time of the conduct at issue. *De Abadía v. Izquierdo Mora*, 792 F.2d 1187 (1st Cir.1986). At the time of plaintiffs' demotions, the law was clearly established that public employees are protected by the First Amendment guarantees of freedom of speech and association from being discharged or demoted solely because of political affiliation, unless political affiliation is an appropriate requirement for the effective performance of the office involved. *Branti v. Finkel*, 445 U.S. 507, 518, 100 S.Ct. 1287, 1294, 63 L.Ed.2d 574 (1980); *Elrod v. Burns*, 427 U.S. 347, 367–68, 96 S.Ct. 2673, 2686–87, 49 L.Ed.2d 547 (1976). In *Branti* and *Elrod*, the Supreme Court recognized that in certain positions of government employment, where an employee's private political beliefs would interfere with the performance of his public duties, his First Amendment rights could be required to yield to the state's vital interest in maintaining governmental effectiveness and efficiency. *Branti*, 445 U.S. at 517, 100 S.Ct. at 1294; *Elrod*, 427 U.S. at 366, 96 S.Ct. at 2686. The issue we must decide is whether, under an objective analysis, the defendant was reasonable in believing party affiliation was an appropriate requirement for plaintiffs' positions. *De Abadía, supra*, 792 F.2d at 1191.

■ Under the *Branti-Elrod* analysis, the threshold inquiry is to determine whether the positions at issue relate to partisan political interests or concerns. *Jimenez Fuentes v. Torres Gaztambide*, 803 F.2d 1, 6 (1st Cir.1986). *See also Collazo Rivera v. Torres Gaztambide*, 812

F.2d 258, 260 (1st Cir.1987). If that issue is satisfied, then we must determine whether the inherent responsibilities of the position are such that party affiliation is an appropriate requirement for the job. *Jiménez Fuentes*, 803 F.2d at 6; *Collazo Rivera, supra*, at 261.

We begin by scrutinizing the Puerto Rico Fire Service itself. *De Choudens v. Government Dev. Bank*, 801 F.2d 5, 8 (1st Cir.1986). Its sole purpose is prevention and eradication of fires in the Commonwealth of Puerto Rico. *See* 25 L.P.R.A. § 311. The Fire Service accomplishes its objectives through programs of fire prevention, fire extinction, training of personnel, and administration of personnel and fire equipment.

Not surprisingly, the operations and goals of the Puerto Rico Fire Service carry no indicia of partisan politics. The objectives of fighting and preventing fires engage the sole priority of providing safety to all Commonwealth residents. The operations merely are the means by which fires are fought and prevented. This does not involve implementation of government policy, nor does it involve an uneven distribution of resources and personnel for competing interests. *Cf. Collazo Rivera, supra*. All residents and businesses have an equal need and right to quality fire protection.

But that does not end the matter, for we must examine the particular responsibilities of plaintiffs' positions.[1] The Zone Fire Chiefs, as established in the OP–16 Form, perform the following: supervise personnel; direct firefighting and rescue efforts in his zone; draft correspondence and fire reports; maintain fire equipment in top condition; periodically inspect the zone's fire stations; coordinate fire truck inspections with District Fire Chiefs; coordinate with District Fire Chiefs a plan for inspection visits to businesses, factories, industries and other facilities in his zone, and submit reports to the Agency Chief. Plaintiffs are two of four Zone Chiefs who work directly under the Fire Chief.

---

1. In defendant's Supplemental Motion for Summary Judgment, he cites as plaintiffs' job responsibilities the duties contained in 25 L.P.R.A. § 314, which are the duties of the Fire Chief. The plaintiffs, of course, are not the Fire Chief, but Zone Chiefs, with different responsibilities. The Fire Chief is appointed by the Governor for a six-year term. 25 L.P.R.A. § 313. This Court will view defendant's mistake as inadvertent.

**128**

Upon a review of the duties of the position and in their organizational hierarchy, we find that plaintiffs were not policy makers, spokesmen for the Fire Chief, nor were they privy to any confidential or sensitive information. Rather, their duties include purely administrative and technical matters, which required no political affiliation for their effective execution. The defendant has wholly failed to meet its burden under the *Branti* defense. The record raises no question of fact as to whether political affiliation was appropriate. We conclude that defendant, as a matter of law, was not reasonable in believing political affiliation was necessary for the effective performance of Fire Zone Chief. Defendant's Motion for Summary Judgment is hereby DENIED. Plaintiffs' claim shall accordingly be tried on their merits.

We find that defendants in these political discrimination cases are filing such motions as a matter of course, without regard to the facts or the applicable jurisprudence. In this case, the motion was meritless and frivolous, and delayed the Court's attention to other matters. Accordingly, we assess a fine of $1,000.00 against the defendant and counsel jointly, to be paid to the Clerk of the Court within 10 days of the receipt of this Order. Fed. R.Civ. 16(f).

IT IS SO ORDERED.